IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JASON MATTHEW WEBB,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY and OFFICER DUNKER,<br><br>Defendants. | CV 23-65-BLG-SPW-TJC<br><br><br>ORDER OF DISMISSAL |

On May 16, 2024, this matter was stayed, following Plaintiff Jason Matthew Webb's request for a continuance. (Doc. 37.) Webb was directed to notify the Court within 90 days of his status and whether he intended to continue with the litigation. He was advised that failure to do so may result in dismissal. Webb has not filed anything.

On October 17, 2024, the Court ordered Webb to show cause why his case should not be dismissed for failure to prosecute. (Doc. 39.) He has not responded.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of

the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F. 3d 983, 990 (9th Cir. 1999). Webb's Complaint was filed over a year ago, and due to his failures to comply with Court orders, has not appreciably progressed. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza,* 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Webb fails to comply with court orders. Webb's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Defendants have answered and filed a dispositive motion, to which Webb has not responded. They are entitled to resolution of this matter.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Here, the Court attempted to provide Webb with time and opportunity to participate, but he has failed to do so. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other factors favoring dismissal, the weight of this factor is slight. The Court will therefore dismiss this matter for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Accordingly, it is HEREBY ORDERED:

1. This matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 22nd day of November, 2024.

                                                    Susan P. Watters, District Judge
                                                  United States District Court